NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TIMOTHY CHRISTOPHER SMITH, *Appellant.*

No. 1 CA-CR 17-0183
FILED 5-29-2018

Appeal from the Superior Court in Mohave County
No. S8015CR201400753
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

Timothy C. Smith, Tucson
*Appellant*

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Jon W. Thompson joined.

**P E R K I N S**, Judge:

¶1        Timothy Christopher Smith appeals his convictions and sentences for two counts of aggravated assault. After searching the entire record, Smith's defense counsel identified no arguable, non-frivolous question of law. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asked this Court to search the record for fundamental error. Smith was granted an opportunity to file a supplemental brief *in propria persona* and did so, alleging ineffective assistance of counsel at trial and on appeal. After reviewing the entire record, we find no error. Accordingly, Smith's convictions and sentences are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        Smith was charged with two counts of aggravated assault for shooting Victim behind a business in April 2014. The jury found Smith guilty on both charges, which stemmed from the same shooting but relied on two separate theories—causing serious physical injury and using a deadly weapon.

¶3        On the day in question, Smith drove a friend, Witness, to a meeting with one of her acquaintances in order for Witness to receive some money she was owed. When Smith and Witness arrived at the meeting place, Witness realized her friend had sent Victim instead of coming to the meeting herself. Witness testified that, in order for her friend to pay back a debt, Victim expected Witness to give her some prescription pills in lieu of money. However, when Witness exited the vehicle to retrieve the pills, she found that Victim expected to be paid for the pills. Witness then returned to Smith's vehicle and told him what had happened. During Witness's conversation with Smith, Victim moved his car to partially block Smith's vehicle from leaving. Witness testified that either she or Smith asked Victim to move his vehicle and, when he would not, Smith drew a pistol, exited his vehicle, walked to Victim's window, and fired a single shot into the window of the car where Victim was sitting. Victim sustained two gunshot

wounds when a single bullet penetrated through his arm, exited his arm, and entered his chest. Victim required emergency medical treatment for his injuries, which his treating physicians considered life threatening.

¶4　　　The jury convicted Smith of two counts of aggravated assault under Arizona Revised Statutes ("A.R.S.") section 13-1204(A)(1) (2018) and 13-1204(A)(2) (2018). The State alleged no aggravating factors; however, the trial court considered several aggravating and mitigating factors in determining whether to sentence Smith to less than the presumptive sentence. The trial court sentenced Smith to the minimum term of five years in the Department of Corrections for counts 1 and 2, to run concurrently. The court further sentenced Smith to an eight-month term of community supervision upon his release. The trial court credited him with 92 days' presentence incarceration.

## DISCUSSION

¶5　　　On appeal, we take the facts from the record at trial and view those facts in the light most favorable to sustaining the convictions. *State v. Harm*, 236 Ariz. 402, 404 n.2 (App. 2015). Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). A person is guilty of aggravated assault if the person "causes serious physical injury" or "uses a deadly weapon or dangerous instrument" while committing an assault. A.R.S. §§ 13-1204(A)(1), -1204(A)(2). Assault is defined as "intentionally, knowingly or recklessly causing any physical injury to another person." A.R.S. § 13-1203(A)(1). A review of the record shows it contains sufficient evidence upon which the jury could determine beyond a reasonable doubt that Smith is guilty of the charged offenses.

¶6　　　All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record indicates Smith was represented by counsel at all stages of the proceedings and was present at all critical stages including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102; Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Smith's presumption of innocence. At sentencing, Smith had the opportunity to speak and the court stated on the record the evidence and materials it considered and factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. The

sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-701 through -709.

**CONCLUSION**

**¶7**          Smith's convictions and sentences are affirmed.

**¶8**          Defense counsel's obligations pertaining to Smith's representation in this appeal are complete. Defense counsel need do no more than inform Smith of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

**¶9**          Smith has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.19(a). Upon the Court's own motion, we also grant Smith thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED:  AA